E. H. COOKE v. THE BOARD OF COUNTY COMMISSIONERS OF CUSTER COUNTY.

(Filed June 25, 1903.)

1. COUNTY BOARDS OF HEALTH. It is the duty of county boards of health to audit and allow or reject or modify and adjust an account against the county, incurred in the discharge of the duties of said board, or of the several members thereof, and afterwards to certify the same to the board of county commissionsers for payment.

2. BOARD OF COUNTY COMMISSIONERS.—When Can Act on Such Accounts. Boards of county commissioners can only act upon items of indebtedness created by the board of health after the board of health have audited said account and certified the same to the county commissioners, showing that it was their audited account.

3. SAME—Jurisdiction. Individual members of a board of health have no power to certify to the action of the board so as to give the board of county commissioners jurisdiction to act thereon.

4. SAME—Parol Evidence. Parol proof may not be introduced before the board of county commissioners to establish what the board of health has done with reference to the auditing and adjusting of an account or indebtedness created by the board of health, in the absence of evidence showing the loss or destruction of the record required to be kept by such board.

(Syllabus by the Court.).

*Error from the District Court of Custer County; before Clinton F. Irwin, Trial Judge.*

*George T. Webster,* for plaintiff in error.

*E. W. Wilcox,* for defendant in error.

STATEMENT OF FACTS.

This cause comes to this court on appeal from an order and judgment of the district court of Custer county, dismissing an appeal from that court from the board of county commissioners of Custer county, wherein the board of county commissioners rejected and dismissed from consideration the claim of E. H. Cooke, M. D. for $477.50 for services as health officer from January 5, 1901, to June 30, 1901, which account was as follows:

"Weatherford, O. T., July 1, 1901.

"To County of Custer,

"In account with E. H. Cooke, M. D.,                Dr.

"To services as health officer as follows:

| | | | | |
|---|---|---|---|---|
| 1901. | January | 27 days at $3.00 per day,.. | $81.00 |
| 1901. | Feb. | 28 days at $3.00 per day,.. | 84.00 |
| 1901. | March | 25 days at $3.00 per day,.. | 75.00 |
| 1901. | April | 5 days at $3.00 per day,.. | 15.00 |
| 1901. | May | 31 days at $3.00 per day,.. | 93.00 |
| 1901. | June | 30 days at $3.00 per day,.. | 90.00 |
| To 175 miles travel at 10 cts. per mile..... | | | 17.50 |
| To livery hire paid by me................ | | | 22.00 |

$477.50"

This bill was taken up and considered by the board of county commissioners on July 3, 1901, and was by the board deferred until October 9, 1901. On the seventh day of October, 1901, the board passed upon the plaintiff's said bill, and rejected it; and on the 8th and 9th of October the plaintiff asked the board to re-consider their action, supporting the same with his affidavit as follows:

"Territory of Oklahoma, County of Custer.

"E. H. Cooke, upon oath, says that he was vice president of the board of health of Custer county, O. T., on or about July 1st, 1901; That at a regular meeting of said board, meeting at Arapahoe, at which was present this affiant and G. T. Dulaney, the claim of this affiant for $477.50 was duly presented under oath to said board, and that the record of the same was duly endorsed on said bill; that the said G. T. Dulaney wrote thereon: 'Allowed,' but omitted to sign his initials or name thereafter; but that said bill was in fact allowed, and Mr. Taylor, a member of the board of county commissioners, was present, and was advised by said board in their official capacity of the auditing and allowing of said claim.

"E. H. COOKE.

"Subscribed and sworn to before me this 8th day of Oct. 1901.

"WM. B. WALKER, County Clerk."

Said account was thereupon re-considered by the board on October 9th, and was rejected again.

October 18, 1901, the plaintiff, Cooke, gave notice of appeal from the board of county commissioners to the district court, and on said day filed his appeal bond. October 25, 1901, the county clerk filed in the district court a transcript of the record made before the board of county commissioners. The plaintiff thereupon filed in the district court his petition, setting out; first, that he was a licensed physician; second, that the county had been visited by an epidemic

of small pox; that he was superintendent of public health, and that plaintiff was from January 1st, 1901, almost continuously engaged in quarantining individuals and families afflicted with said contagious disease, and a great portion of the time was employed in a purely professional capacity in caring for and attending patients placed in the pest house; third, that the claim of plaintiff for services both as superintendent and in his professional capacity was duly approved of, agreed to and ordered by the board of health of Custer county, and by it duly audited, and thereafter duly filed with and presented to the board of county commissioners, and when said board met in regular session plaintiff appeared before the board of commissioners with witnesses to support his said employment and services, which was by the board of county commissioners rejected, and his said claim rejected.

An answer was filed by E. Wilcox, county attorney, denying each and every allegation of the petition.

On April 1st, 1902, the defendant board of county commissioners filed in the district court a motion to dismiss plaintiff's appeal, for the reason that the claim upon which the appeal was taken was not properly, regularly and legally presented to the board of county commissioners; that said claim was not authorized by the board of health and certified to by the board of county commissioners as required by law.

On the 3rd day of April, 1902, the cause came on to be heard before the court upon said motion, which was by the court sustained, and said appeal dismissed; which order of court dismissing said appeal was as follows:

"On this 3rd day of April, 1902, the above action comes on for hearing upon a motion of the defendant to dismiss the plaintiff's appeal from the board of county commissioners

for the reason that the claim on which said appeal was taken was not properly, regularly and legally presented to the board of county commissioners as required by law. After argument by counsel and the court being fully advised, said motion is sustained and said appeal is hereby dismissed, to which judgment of the court the plaintiff duly excepts."

Opinion of the court by

GILLETTE, J.: In the consideration of this case it is hard to lose sight of the equities appearing in the record in favor of the plaintiff. That the plaintiff has performed services for the public for which he ought to be paid, and for which he must ultimately be paid, appears conclusively upon the face of the record. But this equity and this right in favor of the plaintiff is not the controlling influence in this case, and was not in the court below. It will be observed from the statement of facts in the case that the claim of the plaintiff against the county of Custer was not considered by the court below, nor was it considered by the board of county commissioners. An examination of the judgment of the court below shows that the court dismissed the appeal, "for the reason that the claim upon which said appeal was taken was not properly, regularly and legally presented to the board of county commissioners as required by law," and this leads us to an inquiry as to what informalities are presented in the proceeding which would justify the dismissal of the appeal.

This cause of action arises under the provisions of chap. 8 of the general statutes of 1893, creating a board of health, and regulating the practice of medicine. By the provisions of this statute a board of health may be created for each county of the territory, consisting of the county superintendent of instruction, who shall be president and two other persons, one of whom shall be learned in medicine, and one

other person, who shall be vice president of the board.    The
two other persons above referred to are appointed by the ter-
ritorial board of health.    It is made the duty of the county
superintendent of health to keep a record of all the proceed-
ings of the board, and of his official acts, and make monthly
reports to the territorial superintendent of public health, of
the proceedings of the county board of health, and of his offi-
cial acts; and whenever danger to the health of persons or
of domestic animals is threatened, to immediately report the
same to the territorial superintendent of public health.    It
is further made the duty of the county board of health to
convene at the county seat upon five day's notice of the su-
perintendent, within thirty days of their appointment, and
thereafter as often as once in every three months.    Power
is conferred upon the county boards of health, subject to the
supervisory control of the territorial board and the territorial
superintendent, to make and enforce any and all needful rules
and regulations for the prevention and cure, and to prevent
the spread of any contagious, infectious or malarial diseases
among persons and domestic animals, and to establish quar-
antine, and to isolate any persons affected with contagious
or infectious diseases.    The expense actually and necessarily
incurred by the county board of health in discharging these
duties, must be audited by said board and certified to the coun-
ty commissioners of the county, and paid for in the same way
as other expenses are paid, and power is conferred upon the
county superintendent of health, subject to the approval of
the county board, and the supervisory control of the terri-
torial board and superintendent, to establish quarantine and
isolate persons afflicted with contagious and infectious dis-
ease, to isolate, kill or remove any animals afflicted with such
disease, to remove any decaying or putrid body, or other sub-

stance that may endanger the health of persons or domestic animals, and to condemn and cause to be destroyed any impure or diseased article of food offered for sale, and in case of immediate danger to the health, the superintendent may act upon his own judgment without consultation with other members of the county board, but in such case is required to report his action to the county board and to the superintendent of public health of the territory.

The pay of the county superintendent of health is limited to three dollars a day for every day in which he may be actually and necessarily engaged, and five cents per mile for every mile actually and necessarily traveled, and such other sums as he may necessarily pay or become liable for in carrying out and performing the various duties imposed upon him as such superintendent; all accounts for services, mileage and other expenses, must be audited by the county board of health, and certified to the county commissioners of the county to be paid as other county expenses are paid.

It will be observed from the above requirements that the legislature in adopting provisions for the care and protection of the public health, has been equally careful in guarding the public rights against an extortionate expenditure of the public funds, and in each case have made the requirements governing the action of county boards equally mandatory. Assuming that the requirements of the statute touching the duties of superintendents and boards of health have in this instance been fully complied with, we stop to consider for the purpose of this case the manner in which, as shown by the record, the expenses of the county board of Custer county have been brought forward for settlement and payment by the board of county commissioners.

The bill here presented is that of the county superintendent of health, and with reference to it the statute provides that it shall be audited by the county board of health and certified to the commissioners of the county, and paid as other expenses are paid. Was this account audited by the county board of health is a question that might possibly have been tried and determined by the board of county commissioners upon the proof that was tendered as shown in the petition of plaintiff, if the taking of proof in this manner could be held to be a compliance with the requirements of the statute. Such proof was refused by the board of county commissioners, and by the action of the court in dismissing the appeal, was refused by the court. In the opinion of this court such proof was properly rejected. The statute provides that the account of the county superintendent of health, "shall be audited by the county board of health and by it certified to the board of county commissioners." The word audit as here used has a technical meaning, which is to examine, to pass upon and to adjust. To audit implies a hearing, and upon the hearing to adjust, or to allow, or to reject, or otherwise decide according to the nature of the claim. (*Attorney General v. Grant,* 21st Pac. 693.)

From this definition of the word audit it would appear from the language of the statute that it was the duty of the county board of health to pass upon and allow or reject or modify and adjust this claim, and afterwards to certify it to the board of county commissioners for payment as other claims against the county are paid.

It is certain that under these provisions of the statute the board of county commissioners did not have original jurisdiction to hear and determine the question of the county's

liability upon this account, and we think the county com-
missioners and district court were right in the conclusion
and refusal · to hear testimony touching the question as to
whether or not the account had been audited by the county
board of health. By sec. 8 of the statute above referred to,
it is provided that a record shall be kept of all the proceedings
of the board, by the superintendent. The auditing and al-
lowing of this account is a part of the proceedings of the
board of health, and if said account had been audited by the
board as it was proposed to be shown by the parol testimony,
such proceedings might and should have been shown by the
record kept in compliance with the statute, and as required
by the statute. It follows that it was not error on the part
of the county commissioners or of the district court to refuse
to hear oral testimony upon a proposition that should be es-
tablished by a record which the law requires to be kept. How
then may an account of this character get before the board
of county commissioners? The statute is not open to con-
struction upon this subject. Such an account must be audit-
ed by the board of health and certified to the county com-
missioners: that is, the account as audited must be so cer-
tified, and from this we conclude that the board of county
commissioners can only act upon the account which has been
audited by the board of health, and by it certified to the
commissioners, showing that it is their audited account.
Such certificate should therefore show that it was an account
which had been audited and adjusted by the board of health
of the county, and by said board certified to the board of
county commissioners as an audited account.

An examination of the record in this case with reference
to the presentation of this account to the board of county com-

missioners shows that it fell far short of this requirement, as it there appears that the plaintiff filed in the office of the county clerk his claim against the county for $477.00 with the following certificate:.

"I certify that the above account is true, reasonable and just, and that the services rendered and expenses incurred were necessary to the health and safety of Custer county.

E. H. COOKE,
Vice president board of health,
and acting county superintendent.
Allowed."

This is not the certificate required by the law. It is not the certificate of the board of health.

It appears from the affidavit of plaintiff that the word, "Allowed" following the certificate was written there by G. T. Dulaney who omitted to sign his initials or name thereafter. As to who Dulaney is, the record is silent, except that there is a fair inference that he was, a member of the board. Had his initials been added, the record certificate would still be far short of a compliance with the statute, because it does not show that the board of health, as such, ever had anything to do with the claim. The county commissioners might, perhaps, more properly in this instance have returned the claim to the board of health for its action and proper certification as required by law. It is certain that the board of county commissioners had no jurisdiction to determine the right of the plaintiff against the county upon this account as presented, and the district court upon appeal could not acquire a jurisdiction over the subject-matter that the board of county commissioners did not have, and could not therefore review the action of the commissioners rejecting the same.

For this reason the appeal was properly dismissed without error on the part of the court. The order of the court below dismissing the appeal is therefore affirmed.

Irwin, J., who presided in the court below, not sitting; Burford, C. J., and Pancoast, J., absent; all the other Justices concurring.